UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWSON ENVIRONMENTAL SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 2:15-cv-6379 |
| ENVIROWORKS, LLC | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendant Enviroworks, LLC's Motion to Dismiss for Lack of Jurisdiction under Federal Rules of Civil Procedure 12(b)(2) (Doc. 14). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Lawson Environmental Services, LLC was awarded a contract by the U.S. Environmental Protection Agency ("EPA") for the remediation of several sites. In order to complete the remediation, Plaintiff sought the assistance of Defendant Enviroworks, LLC ("Enviroworks"). The parties entered into an agreement in which Enviroworks agreed to provide twenty percent of the labor (the "Teaming Agreement"). Plaintiff alleges that Defendant did not complete its obligations under the Teaming Agreement and

1

allegedly "'walked' off the 'jobsite'" and failed to pay its employees or its share of the operating costs.

On December 1, 2015, Plaintiff brought suit against Enviroworks in this Court, asserting claims for breach of contract and bad faith. Defendant has filed the instant Motion to Dismiss for Lack of Personal Jurisdiction citing three different grounds for dismissal: (1) the forum selection clause contained in the Teaming Agreement required a different venue; (2) the work performed under the contract occurred entirely in Omaha, Nebraska; and (3) Enviroworks does not have minimum contacts with the state of Louisiana to support an exercise of "general" or "specific" jurisdiction. This Court will address each argument in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(2) motion to dismiss, a plaintiff must prove that the Court has personal jurisdiction over a non-resident defendant.[1] If the district court does not hold an evidentiary hearing on the motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case."[2] The Court's review is limited to the complaint and any documents attached to the Motion to Dismiss that are central to the claim and referenced by the complaint.[3]

## **LAW & ANALYSIS**

While Defendant has presented three arguments in support of its Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff's opposition has only

---

[1] *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994).
[2] *Johnston v. Multidata Systems Intern. Corp.,* 523 F.3d 602, 609 (5th Cir. 2008).
[3] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

responded to one. In its opposition, Plaintiff only addresses Defendant's claim that it has failed to established "minimum contacts" sufficient to support a finding of personal jurisdiction in this district. Because this Court ultimately concludes that the forum selection clause establishes an exclusive jurisdiction, it need not address the Defendant's other arguments.

### I. Forum Selection Clause

Defendant argues that Plaintiff's claim should be dismissed because the Teaming Agreement contains an exclusive forum selection clause. The forum selection clause in the Teaming Agreement case reads, in pertinent part, that "[t]he parties irrevocably submit to the exclusive jurisdiction of the appropriate State or Federal Court located in Douglas County, Nebraska in any action, suit or proceeding brought against or relating to or in connection with the agreement or any transaction contemplated hereby."[4]

"Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a heavy burden of proof."[5] "A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal."[6] In order to be mandatory, a forum selection clause must contain clear language specifying that litigation must occur in the specified forum.[7] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and

---

[4] Doc. 14-2.
[5] *E.g.*, *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 441 (5th Cir. 2008) (internal quotations omitted).
[6] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).
[7] *Id.*

3

must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[8]

In *Argyll Equities LLC v. Paolino*, the Fifth Circuit upheld the enforcement of a forum selection clause that stated:

> Borrower hereby consents to the exclusive jurisdiction of the courts sitting in Kendall County, Texas, United States of America . . . for the purpose of any suit, action or other proceeding by any party to this Agreement, arising out of or related in any way to this Agreement. Borrower hereby irrevocably and unconditionally waives any defense of an inconvenient forum to the maintenance of any action or proceeding in any such court, any objection to venue with respect to any such action or proceeding and any right of jurisdiction on account of the place of residence or domicile of any party thereto.[9]

The Fifth Circuit agreed with the district court that "the parties' use of the phrase 'exclusive jurisdiction' and . . . 'irrevocabl[e] and unconditional[ ] waive[r]' of any venue objections went beyond merely permitting venue in 'courts sitting in Kendall County,' instead making such venue mandatory."[10]

The phrases used in *Argyll* are identical to those used in the forum selection clause at issue here. The forum selection clause in the Teaming Agreement uses "mandatory and obligatory language" such as "exclusive" and "irrevocable." Accordingly, this clause establishes exclusive jurisdiction in the courts of Douglas County, Nebraska. Plaintiff's opposition to Defendant's Motion to Dismiss does not raise any arguments disputing such a finding and makes no attempt to meet its "heavy burden of proof" to resist the clause's enforcement. Accordingly, this Court finds that the forum selection clause in the Teaming Agreement is mandatory and enforceable and makes jurisdiction exclusive elsewhere. "Because we find the forum-selection clause to be

---

[8] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).
[9] *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006).
[10] *Id.*

4

dispositive . . ., we need not consider [Defendant's] constitutional argument as to personal jurisdiction."[11]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

New Orleans, this 26th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991).